IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JODY BABINEAUX                                                                              PLAINTIFF

VERSUS                                                      CIVIL ACTION NO. 2:24-CV-003-KS-MTP

SOUTHEASTERN BAPTIST COLLEGE
AND RICHARD E. LOPEZ                                                                     DEFENDANTS

**SOUTHEASTERN BAPTIST COLLEGE'S REBUTTAL IN
SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

COMES NOW this Defendant, Southeastern Baptist College ("SBC"), by and through its attorneys of record, Anderson Crawley & Burke, PLLC, and respectfully submits this, its Rebuttal in support of its Motion for Summary Judgment[1], and would show unto the Court the following, to-wit:

**Introduction**

SBC filed its Motion for Summary Judgment and accompanying Memorandum in Support on May 15, 2025.[2] Plaintiff filed his Response to SBC's Motion for Summary Judgment on June 12, 2025.[3] In his Response, Plaintiff first addresses SBC's Itemization of Undisputed Material Facts, before addressing alleged "misstatements by SBC" and then asserting his own set of "Material Facts". While Plaintiff attempts to "distinguish" some of the undisputed facts, the truth is that he agrees and concedes most of them, and rather than citing actual evidence contained in the record to dispute the facts that he denies, he relies upon conclusory statements, speculation, and arguments of counsel, none of which are sufficient to create a genuine controversy as to material fact.

---

[1] All references to Exhibits are to those attached to SBC's Motion for Summary Judgment.
[2] *See*, Doc. 46, 47.
[3] *See*, Doc. 50.

1

Plaintiff then appears to amend his allegations to assert that he was not allegedly terminated due to having gone on military deployment, but rather he was terminated in retaliation for asking questions about the changes to his contract and raising concerns as to his USERRA rights relative to those changes. Plaintiff specifically argues that SBC violated his USERRA rights by failing to reemploy him and retaliated against him for raising his USERRA rights by "refusing" to talk to him and explain the changes in his contract. Plaintiff also attempts to skirt his own burden of proof to show that his military service was a motivating factor in any decision made by arguing that "proximity" is all that is needed for him to establish a prima facie case of retaliation and meet his burden. As will be discussed hereinbelow, Plaintiff's arguments do not raise any genuine dispute of *material* fact and are insufficient to overcome summary judgment and establish a dispute as to any material fact.

## Material Facts

### A. SBC Facts

Plaintiff agrees with almost every itemized undisputed material fact asserted by SCB, and only claims that three (3) of the itemized facts require context or correction.

Plaintiff first takes issue with Paragraph 9, which states "Despite having no obligation to do so, SBC paid Plaintiff the remainder of his salary provided for in the 2020 – 2021 contract. (*See* Exhibit "1", p. 58; Exhibit "9")."[4] Plaintiff argues that the asserted material fact "misstates what coaches do and what Babineaux did as an employee and coach", and that "Babineaux performed some duties as a coach while deployed."[5] Plaintiff provides no evidence to dispute the statement of fact, and the alleged dispute has nothing

---

[4] *See* Doc. 47, p. 3.
[5] *See* Doc. 50, p. 3.

to do with the statement of fact as written. There is no dispute that SBC paid Plaintiff the entirety of his 2020 – 2021 contract and that USERRA provided SBC with no obligation to do so.

Plaintiff next takes issue with Paragraph 15, which states "SBC thereafter agreed to reemploy Plaintiff as its head baseball coach. (*See* Exhibit "1", pp 68-69, 72, 78; Exhibit "2", p. 2; Exhibit "4", pp. 1-2; Exhibit "7", p. 1)."[6] Plaintiff asserts that the statement of fact requires context because "SBC failed to tell Babineaux that said reemployment would be subject to multiple changes."[7] Once again, Plaintiff fails to offer any evidence to dispute the material fact offered, and there is no dispute that SBC agreed to and expressly informed Plaintiff that it would reemploy him as its head baseball coach.

Plaintiff next takes issue with Paragraph 20, which states "Subsequent to his June – July email correspondences with Walters, Plaintiff never went by to speak with Walters about the details of his contract until his return to work date of August 15, 2022. (*See* Exhibit "1", pp. 72-73)."[8] Plaintiff again claims this statement requires context, arguing that the intent of the statement is to suggest that Plaintiff was required to return to work "BEFORE USERRA time had expired".[9] Plaintiff admitted in his deposition that he never went by to talk to Walters about his contract, even though Walters expressly invited Plaintiff to come by "anytime" to talk to him about the contract.[10] Plaintiff wants the Court to disregard this undisputed *material* fact, as he spends an inordinate amount of time in his Response trying to convince this Court that SBC "refused" to talk with Plaintiff about his

---

[6] *See* Doc. 47, p. 4.
[7] *See* Doc. 50, p. 3.
[8] *See* Doc. 47, p. 5.
[9] *See* Doc. 50, p. 3.
[10] *See* Exhibit 5.

contract before (or after) August 15, 2022, an argument that is unquestionably contradicted by Walters invitation for Plaintiff to come by and talk about the contract at "anytime", i.e. on Plaintiff's own schedule.

### B. Misstatements by SBC

Plaintiff's choice of title for this section of his Response is puzzling, given that the two (2) paragraphs included in the section do not actually identify any "statements" that were "misstated".[11] Ironically, this section of Plaintiff's Response is replete with "misstatements", unsupported speculation and conclusory allegations offered by Plaintiff.

Plaintiff asserts that he "did indeed report to work on August 15, 2022".[12] SBC does not disagree that Plaintiff came in late in the day on August 15, 2022, but there is no dispute that he did not sign his contract and begin work that day. Plaintiff's Response is replete with admissions that he did not sign the contract on that date, and he argues repeatedly that he should have been (and was) given time to review the contract.

Plaintiff then asserts that "[i]t was SBC that would not allow Babineaux to work or be at any athletic functions without a new contract."[13] SBC admits that Plaintiff was asked to leave a coaches meeting, but the reality is that *both parties* understood and agreed that Plaintiff was not under contract and was not working as the baseball coach during the time period after August 15, 2022. This is demonstrated by Plaintiff's own deposition testimony, wherein he stated that when he was called about some of the players trespassing on Wooten Field, he told the recreation director, Mr. Ulmer, that he was not legally the coach because he had not signed the contract, and to call the Athletic Director about the players.[14]

---

[11] *See* Doc. 50, p. 4.
[12] *See* Doc. 50, p. 4.
[13] *See* Doc. 50, p. 4.
[14] *See* Exhibit 1, pp. 75-76.

SBC does not dispute that Plaintiff first saw the new contract when he showed up on August 15, 2022, but Plaintiff's attempt to characterize this as evidence that SBC violated his rights under USERRA are unfounded and misleading. Plaintiff cannot refute that he was invited to come by and talk about his contract with the Athletic Director, Mr. Walters, at "anytime" he saw fit in the month and a half leading up to the August 15, 2022 meeting, and that he *elected not to do so*.[15]

SBC does not dispute that the 2022 contract was not the same as the 2020 contract, though the reality is that the position of head baseball coach and the salary were the exact same, and all other coaches at SBC signed the exact same contract Plaintiff was offered. Regardless of Plaintiff's "beliefs", USERRA **did not** require SBC to reemploy Plaintiff with the exact same contract; rather 38 U.S.C. § 4313(a)(2)(A) expressly states that SBC was to reemploy Plaintiff in the position that Babineaux would have been employed if his employment had not been interrupted by military deployment. It is not disputed that every coach employed by SBC in 2022 had to and did sign the exact same contract documents provided to Plaintiff on August 15, 2022.[16] Plaintiff concedes that this is true in his Response.[17] Therefore, even if Plaintiff had never been deployed, he would have had to sign the exact contract documents provided to him on August 15, 2022, just like every other coach.

Plaintiff argues that SBC required him to sign the new contract "on the spot".[18] This assertion is also puzzling, as Plaintiff admits in other parts of his Response that SBC did

---

[15] *See* Exhibit 5.
[16] *See* Exhibits 2-4.
[17] *See* Doc. 50, p. 3, wherein Plaintiff expressly asserts that he has no material dispute with the facts alleged in SBC's Itemization of Undisputed Material Facts, paragraphs 21-30.
[18] *See* Doc. 50, p. 4.

agree to give him time to review the contract. The simple truth is that SBC agreed to give Plaintiff a day or two to review the contract and "have someone legally look over" it.[19] SBC then did not hear anything from Plaintiff until 5:32 p.m. on Friday night, August 19, 2022, after business hours on the weekend.[20]

C. **Babineaux's Material Facts**

Plaintiff spends this entire section of his Response detailing allegations relating to former Athletic Director, Richard Lopez.[21] As discussed more fully in SBC's Memorandum Brief in Support of its Motion for Summary Judgment, USERRA offers no relief that this Court can provide for these allegations relating to the conduct of Mr. Lopez, and therefore Plaintiff does not meet the minimum constitutional requirements for standing as to these allegations.[22] As such, the allegations or "material facts" set forth by Plaintiff in this section are *not material* to the disposition of SBC's dispositive motion.

D. **Changes Made to the Contracts**

First and foremost, to the extent that Plaintiff is asserting that the conduct of former Athletic Director, Robert Walters, was retaliation and/or discrimination related to his military service, there would be no standing for those assertions for the same reasons that Plaintiff lacks standing relating to his allegations as to the conduct of Mr. Lopez, as Mr. Walters is also no longer employed by SBC.[23]

Again, SBC does not dispute that the 2022 contract was not the same as the 2020 contract, though the position as head baseball coach and the salary were the exact same.

---

[19] *See* Exhibit 1, p. 74.
[20] *See* Exhibit "C" to Plaintiff's Response, p. 1.
[21] *See* Doc. 50, pp. 4-6.
[22] *See,* Doc. 47, pp. 11-13; SBC further adopts and incorporates the arguments contained in Defendant Lopez's Motion for Summary Judgment and Rebuttal Brief, Docs. 44, 45, 53.
[23] *See,* Doc. 47, pp. 11-13.

However, directly contrary to Plaintiff's argument, USERRA **did not** require SBC to reemploy Plaintiff with the exact same contract. The plain language of 38 U.S.C. § 4313(a)(2)(A) clearly states that SBC was to reemploy Plaintiff in the position that Plaintiff would have been employed if his employment had not been interrupted by military deployment. There is absolutely no dispute that every single coach employed by SBC in 2022 had to and did sign the exact same contract and policies documents provided to Plaintiff on August 15, 2022.[24] Therefore, there is dispute that Plaintiff would have had to sign the exact documents provided to him on August 15, 2022, just like every other coach, even if never deployed. USERRA placed no duty on SBC to employ Plaintiff in a position or utilizing a contract that no longer existed.

Plaintiff then attempts to fabricate a dispute by claiming that SBC refused to talk to him about the new contract.[25] To do this, Plaintiff cites to no actual evidence, instead relying on conclusory allegations, speculation, and misrepresentations. Specifically, speaking to the interactions between Plaintiff and SBC prior to August 15, 2022, Plaintiff *speculates* that "Walters then wanted to avoid a paper trail", and that SBC refused to communicate with him despite his attempts to "get everything straightened out before August 15, 2022".[26] In support, Plaintiff cites to his "Exhibit C", that being a collection of email correspondences. However, Plaintiff's "Exhibit C" only includes a portion of the email discussion between Plaintiff and Walters, misleadingly omitting the complete email thread in an effort to paint SBC as the "guilty party" refusing to communicate. What the full email thread shows is that Mr. Walters expressly invited Plaintiff to "come by anytime"

---

[24] *See* Exhibits 2-4; Doc. 50, p. 3, wherein Plaintiff expressly asserts that he has no material dispute with the facts alleged in SBC's Itemization of Undisputed Material Facts, paragraphs 21-30..
[25] *See* Doc. 50, pp. 6-7.
[26] *See* Doc. 50, p. 6.

to discuss the details of his contract.[27] Contrary to his argument that it was SBC that "refused" to communicate, Plaintiff admitted in his deposition that he never made any effort to go by and speak with Mr. Walters about his contract between the aforementioned email correspondences and August 15, 2022.[28]

Similarly, Plaintiff alleges that "no one would meet with him until August 25, 2022", despite his efforts to talk to SBC.[29] Once again, Plaintiff's allegations are misleading. The fact is that SBC agreed to give Plaintiff a day or two to review the contract and "have someone legally look over" it.[30] SBC then did not hear anything from Plaintiff until 5:32 p.m. on Friday night, August 19, 2022, after business hours on the weekend, at which time it deemed Plaintiff to have abandoned the offer of reemployment.[31]

## Argument

The *material* facts show conclusively that had Plaintiff never been deployed, he still would have had to sign the exact contract documents provided to him on August 15, 2022, just like every other coach at SBC, and that had Plaintiff signed the standard contract offered to him, he would have been employed as the head baseball coach at SBC.[32]

To avoid summary judgment, a plaintiff "must go beyond the pleadings and come forward with specific facts indicating a genuine issue for trial." *EMCASCO Ins. Co. v. American Intern. Specialty Lines Ins. Co.*, 438 F.3d 519, 523 (5th Cir. 2006) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). This requires "significant probative evidence" that would allow a reasonable fact finder to rule in favor of the non-movants on all essential

---

[27] *See*, Exhibit 5, p. 1.
[28] *See*, Exhibit 1, pp. 71-73.
[29] *See*, Doc. 50, p. 7.
[30] *See* Exhibit 1, p. 74.
[31] *See* Exhibit "C" to Plaintiff's Response, p. 1.
[32] *See* Exhibits 2-4; *See* Doc. 50, p. 3, wherein Plaintiff expressly asserts that he has no material dispute with the facts alleged in SBC's Itemization of Undisputed Material Facts, paragraphs 21-30.

claim elements. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Celotex*, 477 U.S. at 322-23. A plaintiff cannot meet this burden simply by relying on unsubstantiated assertions, improbable inferences, or unsupported speculation because these are not competent summary judgment evidence. *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994).

Rather than offer any significant probative evidence, Plaintiff relies on "unsubstantiated assertions, improbable inferences, and unsupported speculation", which are not sufficient to defeat summary judgment. First, Plaintiff relies on the unsubstantiated assertion and that SBC terminated him for asking questions and raising complaints under USERRA.[33] In support of this unsubstantiated assertion, Plaintiff cites to his own deposition testimony. However, nowhere in Plaintiff's deposition did he testify that he raised any concerns under USERRA to SBC during the August 15, 2022 meeting. Rather, Plaintiff testified: "I had asked him – I said – I told him, I said, 'This doesn't look the same as the other. And some of this stuff, I'm not familiar with. So, can I have somebody legally look over this? Because it doesn't look the same."[34] Instead of citing evidence to support his unsubstantiated claim, Plaintiff asserts the conclusory opinion that the 2022 contract violated USERRA because it was not the exact same as the 2020 contract, which is an incorrect statement of the law as per the plain language of 38 U.S.C. § 4313(a)(2)(A).[35]

Plaintiff then argues that SBC that would not allow him to return to work without signing a contract, but omits from his argument that he understood that he had not returned to work, admitting he told people during that same time frame that he was not the coach

---

[33] *See* Doc. 50, p. 8.
[34] *See* Exhibit 1, p. 74.
[35] *See* Doc. 50, p. 8.

9

and not under contract, so they would have to talk to the Athletic Director rather than him.[36] Plaintiff also fails to inform this Court how not working while he was not under contract has anything to do with his military status.

Plaintiff next makes the unsubstantiated assertion that "SBC refused to answer basic questions" relating to his contract.[37] In addition to misleadingly citing to only a portion of the relevant email thread[38], Plaintiff admits that he never asked anyone at SBC if all of the other coaches signed the same contract he was offered.[39] Plaintiff provides absolutely no evidence of these "basic questions" that he asked and SBC refused to answer, much less that he specifically raised the issue of USERRA.

Plaintiff goes on to offer another unsubstantiated assertion: "[t]he parties agreed that Babineaux was given until August 25, 2025 to accept the terms of the contract".[40] There is nothing in the record to indicate that SBC ever agreed to give him ten (10) days to review a standard contract that every other coach at the school had agreed to and signed[41]. Plaintiff thereafter asserts the conclusory opinion that "SBC unquestionably refused to reemploy Babineaux"[42], even though the only thing SBC unquestionably did throughout the course of this whole matter was to **literally try to give Plaintiff his old job back**.

---

[36] *See* Exhibit 1, pp. 75-76.
[37] *See* Doc. 50, pp. 9-10.
[38] Demonstrating unquestionably that Plaintiff chose not to accept Walters' invitation to come talk to him about the 2022 contract.
[39] *See* Exhibit 1, pp. 76-77.
[40] *See* Doc. 50, p. 10.
[41] And which Plaintiff admits contained "standard language". *See* Exhibit "1", p. 100.
[42] *See* Doc. 50, p. 10.

Lastly, Plaintiff attempts to circumvent his inability to show that his military status was a motivating factor[43], by arguing that the proximity between his raising concerns "under USERRA" during the August 15, 2022, meeting and the ultimate decision by SBC provides sufficient "temporal proximity" to establish a prima facie case of retaliation.[44] This "temporal proximity" argument is a red herring, as the Fifth Circuit has held that while temporal proximity can in some instances establish a *prima facie* case of retaliation, it alone is not sufficient proof of causation. *Strong v. University Healthcare System, L.L.C.*, 482 F.3d 802, 808 (5th Circ. 2007); See also *Brown v. Wal-Mart Stores East, L.P.*, 969 F.3d 571, 579 (5th Circ. 2020). To survive summary judgment, Plaintiff still must provide "significant probative evidence" that would allow a reasonable fact finder to rule in his favor on all essential elements of his claim. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Celotex*, 477 U.S. at 322-23. Plaintiff cannot meet this burden simply by relying on unsubstantiated assertions, improbable inferences, or unsupported speculation because these are not competent summary judgment evidence. *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994).

The record in this matter is devoid any evidence that Plaintiff was not employed as the SBC baseball coach for the 2022 – 2023 academic year for any reason other than his own failure and/or refusal to sign the same contract provided to and signed by all other coaches at SBC.[45] Plaintiff has not produced or cited to any evidence to show that his military status or his deployment was a motivating factor in any action or inaction taken by SBC relative to Plaintiff's employment as head baseball coach, or that SBC otherwise

---

[43] Wright v. City of Horn Lake, Miss., 63 F. Supp. 3d 651, 655 (N.D. Miss. 2014)(citing Bradberry v. Jefferson Cnty, 732 F.3d 540, 551 (5th Cir. 2013)(citing 38 U.S.C. § 4311(c)(1))).
[44] *See* Doc. 50, p. 12.
[45] *See* Exhibit "7", p. 3.

11

violated his rights under USERRA. As such, there remain no genuine issues of material fact to prevent the grant of summary judgment in favor of SBC.

## CONCLUSION

The *material* facts show conclusively that Plaintiff has not produced "significant probative evidence" that would allow a reasonable fact finder to rule in his favor on all essential elements of his claim, and therefore summary judgment must be granted in favor of SBC. *Anderson*, 477 U.S. at 249; *Celotex*, 477 U.S. at 322-23. Even if Plaintiff had never been deployed, he would have had to sign the exact contract documents provided to him on August 15, 2022, just like every other coach at SBC. The inescapable truth is that had Plaintiff signed the contract offered to him, he would have been employed as the head baseball coach at SBC for the 2022 – 2023 season, and his failure and/or refusal to sign his contract and return to work is the sole and only reason he was not employed as the baseball coach. There is no evidence provided by Plaintiff that his military status played any role, much less was a motivating factor, in why he was not the baseball coach in 2022– 2023. Therefore, Plaintiff is unable to meet his burden of proof and cannot prevail on his claims arising under USERRA, and as such, summary judgment is warranted in favor of SBC.

RESPECTFULLY SUBMITTED, this the 25th day of June, 2025.

**Southeastern Baptist College**,
Defendant

BY:   */s/Thomas M. Wright*
       Thomas M. Wright / (MSB# 103166)
       ANDERSON CRAWLEY & BURKE, PLLC
       POST OFFICE BOX 2540
       RIDGELAND, MS 39158
       TELEPHONE: (601) 707-8800
       FACSIMILE:  (601) 707-8801
       E-MAIL:     TWright@ACBLaw.com

## CERTIFICATE OF SERVICE

I, the undersigned counsel of record for Defendant, Southeastern Baptist College, do hereby certify that on this date I electronically filed the foregoing pleading with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

This, the 25th day of June, 2025.

                                                       BY:    /s/ *Thomas M. Wright*
                                                                 Thomas M. Wright / (MSB# 103166)

Thomas M. Wright / (MSB# 103166)
ANDERSON CRAWLEY & BURKE, PLLC
ATTORNEYS AT LAW
POST OFFICE BOX 2540
RIDGELAND, MS 39158
TELEPHONE:(601) 707-8800
FACSIMILE:  (601) 707-8801
E-MAIL:     TWright@ACBLaw.com